IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

MARTY RAY ARDIZZONE, )
 )
      Petitioner, )
 )
 )    CIV-12-913-HE
v. )
 )
JUSTIN JONES, Director, )
 )
      Respondent. )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging two convictions for Murder in the First Degree entered February 5, 1982, pursuant to his pleas of guilty in the District Court of Canadian County, Case No. CRF-82-12. Pursuant to a plea agreement, Petitioner is serving two terms of life imprisonment for these convictions, and the state district court ordered that the sentences be served consecutively. Respondent has moved to dismiss the Petition on the ground that it is an unauthorized second or successive petition, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be

granted and the Petition be dismissed.

In his Petition filed August 20, 2012, Petitioner asserts as a single ground for habeas relief that the prosecution breached the plea agreement because the prosecutor assured Petitioner he "would only have to do 25 to 30 years on the sentences." Petition, at 5. Petitioner states that he raised this issue in a state post-conviction application filed in the District Court of Canadian County and that the application was denied on December 6, 2011. Petitioner asserts that he appealed this decision and that the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the district court's decision. Petitioner has attached to the Petition a copy of the OCCA's decision in which the state appellate court found that Petitioner had "filed his fourth application for post-conviction relief" on November 18, 2011, in which he "asserted the State had breached the plea agreement when he was promised he would only serve twenty-five to thirty years in prison." Petition, att. 2 (<u>Ardizzone v. State</u>, No. PC-2011-1125 (Okla. Crim. App. Jan. 17, 2012)(Order Affirming Denial of Post-Conviction Relief)). As relief, Petitioner asks "that parole be instituted on my sentences as promised by the prosecutor Mr. Chatman . . . ." Petition, at 7. In state post-conviction proceedings, the OCCA affirmed the district court's dismissal of this claim in an order entered January 17, 2012. Brief in Support of Motion to Dismiss, Ex. 8.

Respondent contends that Petitioner has previously filed multiple federal habeas petitions, all of which have been denied, and that he failed to obtain permission to file the instant successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A). Respondent contends that the instant Petition should be dismissed for lack of jurisdiction because

Petitioner's Petition is without merit and is time-barred.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).  This "screening" mechanism applies to the Petition now before the Court.  See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of § 2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

In the District Court of Canadian County, Oklahoma, Case No. CRF-82-12, Petitioner and his brother were charged in an information filed January 11, 1982, with two counts of Murder in the First Degree.  Brief in Support of Motion to Dismiss, Ex. 1, at 64.  In a written statement signed by Petitioner and dated January 13, 1982, Petitioner admitted that he shot both victims. Id., at 65-66. In a negotiated plea agreement, Petitioner entered guilty pleas to the murder charges on February 5, 1982, and was sentenced consistent with the agreement to two life sentences, with the sentences ordered to be served consecutively. Id., Ex. 9 (Transcript of Plea Proceeding in State of Oklahoma v. Marty Ray Ardizzone, District Court of Canadian County, Oklahoma, Case No. CRF-82-12).

The record reflects that Petitioner filed at least one previous habeas petition in this

Court, Marty Ray Ardizzone v. Gary Maynard, Case No. CIV-88-542-W. See id. at 70-74, 100; Ex. 2.  The record presented by the parties also includes a copy of an application filed by Petitioner in this Court seeking to file a second or successive federal habeas petition challenging his 1982 murder convictions. Brief in Support of Motion to Dismiss, Ex. 1.

In an order entered by the Tenth Circuit Court of Appeals on May 9, 1997, the appellate court denied Petitioner's request for an order authorizing this Court to consider his second or successive federal habeas petition challenging his convictions entered in the District Court of Canadian County, Oklahoma, Case No. CRF-82-12. Brief in Support of Motion to Dismiss, Ex. 3.

Petitioner now seeks to again challenge the first degree murder convictions and sentences entered in Case No. CRF-82-12, and the instant Petition is therefore successive to the previous habeas petitions filed by Petitioner challenging the same convictions and sentences.  Further, Petitioner has not demonstrated that he has been authorized by the Tenth Circuit Court of Appeals to file a successive § 2254 petition challenging his convictions in Case No. CRF-82-12.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(*per curiam*).  When there is no risk that a meritorious successive § 2254 claim will be lost if the petition is not transferred to the circuit

court, the district court may dismiss the petition. Id.

In response to the Motion to Dismiss, Petitioner alleges that the merits of his federal habeas claim should be reviewed because he did not discover the facts supporting his claim of breach of his plea agreement until recently. However, Petitioner contradicts this assertion when he states that the prosecutor's promise that he would only serve "25 to 30 years" of his sentences was made "when [he] pled guilty." Petitioner's Response, at 1.

The statute governing federal habeas review of successive petitions provides that a claim presented in a second or successive habeas petition "shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i) and (ii).

Petitioner was obviously aware of the factual basis for his successive federal habeas claim at the time he entered his guilty plea. Thus, Petitioner has not demonstrated that the factual predicate for his federal habeas claim could not previously have been discovered with due diligence. Nor has he demonstrated by clear and convincing evidence that no reasonable juror would have found him guilty of the murder offenses "but for constitutional error." Id. Moreover, the Petition is barred by the expiration of the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)(holding that when state habeas petitioner's conviction become final before AEDPA

was effective, "the one-year statute of limitations [governing the filing of a federal habeas petition] does not begin to run until April 24, 1996," requiring that the petition be filed before April 24, 1997, in the absence of statutory or equitable tolling). Petitioner has provided no basis for statutory or equitable tolling, and therefore his Petition was due on or before April 24, 1997. Under these circumstances, the interest of justice is better served by dismissing the Petition for lack of jurisdiction rather than transferring the matter to the circuit court pursuant to 28 U.S.C. § 1631.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 12) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___November 28th___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

      ENTERED this ___8th___ day of ___November___, 2012.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE